UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

JAMES MORENO, and
JILL MORENO,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

Case No: 8:17-CV-3094-T-36 AEP

## COMPLAINT

1.    Plaintiffs, JAMES MORENO and JILL MORENO ("MORENO"), a married couple, seek compensatory damages pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, against Defendant, United States of America, (hereinafter "United States") for medical negligence in failing to adhere to the prevailing professional standard of care which is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

### Jurisdiction and Venue

2.    Subject matter jurisdiction is appropriate in the Middle District of Florida pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant, while acting under color of Federal Law. The Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the United States of America for monetary damages accruing on or after January 1, 1945, for personal injuries caused by the negligent

1



and wrongful acts and omissions of employees of the Government while acting within the course and scope of their employment, where a similarly situated private person would be liable to Plaintiffs.

3.      Jurisdiction is otherwise founded upon Federal law and is proper where this action is founded upon causes of action brought pursuant to the Federal Tort Claims Act (hereinafter "FTCA") 28 U.S.C. § 2671 for the wrongful acts and omissions of agents or contractors of the United States government.

4.      On or about March 24, 2017, and pursuant to the FTCA, 28 U.S.C. § 2671, the Plaintiffs properly presented their administrative claims to the appropriate federal agency for settlement on individual Standard Form 95 documents containing sum certain demands along with the Plaintiffs' respective signatures and other compliant information/documentation.

5.      Additionally at that time, and pursuant to the procedural requirements of Fla. Stat. §766, Plaintiffs sent by certified mail, a notice of intent to initiate litigation and a corroborating expert affidavit to John David Marquardt, M.D. and the James A. Haley Medical Center.

6.      On or about August 28, 2017, and after providing additional information pertaining to said claims, Plaintiffs received denials to each of their respective administrative claims as presented on the Standard Form 95.

7.      Plaintiffs did not receive a response of any type to their Ch. 766 notice of intent directed to John David Marquardt, M.D. and the James A. Haley Medical Center and in that regard, Defendant has failed to comply with its procedural requirements.

8.      Plaintiffs have exhausted their administrative remedies at this time vesting this Court with jurisdiction over the subject matter pursuant to 28 U.S.C. 2675(a).

9.      Venue is proper given that the events/omissions giving rise to this occurrence took place in Hillsborough County, Florida, which is also where the Defendant conducts business and the Plaintiffs reside.

10.     This action is timely pursuant to 28 U.S.C. § 2401(b) as it was presented to the appropriate administrative agency within 2 years of the Plaintiffs' cause of action accruing and is filed within 6 months of that agency's denial of said claim.

11.     All conditions precedent and administrative remedies have been fulfilled prior to the bringing of this action and Counsel for the Plaintiffs otherwise certifies that he has conducted a good faith investigation into the facts underlying this suit and believes that adequate grounds for same exist at this time.

**Parties**

12.     Plaintiff, JAMES MORENO, is the lawful husband/spouse of Plaintiff, JILL MORENO.

13.     Plaintiff, JILL MORENO, is the lawful wife/spouse of Plaintiff, JAMES MORENO.

14.     At all material times, Plaintiff, JAMES MORENO, was under the care and treatment of James A. Haley Medical Center, by and through its employee nursing staff and employee and/or orthopedic physician contractor John David Marquardt, M.D.

15.     At all material times, the entity and individuals referenced in paragraph 14 were working for, or otherwise engaged by the federal government, such that Defendant, UNITED

3

STATES, is the appropriate party, and is otherwise responsible for the negligence complained of herein.

## Factual Background and Statement of Claim

16.    On or about March 16, 2015, Plaintiff, JAMES MORENO, presented to James A. Haley Medical Center for a total right hip arthroplasty, which was performed by John D. Marquardt, M.D. ("DR. MARQUARDT").

17.    During the hip reconstruction surgery, DR. MARQUARDT created an excessive amount of anteversion, resulting in an unstable hip. Additionally, at the conclusion of the procedure, DR. MARQUARDT failed to test the hip for external rotation, which would have immediately illustrated the dangerous instability.

18.    Following the surgery, JAMES MORENO was discharged from James A. Haley Medical Center, with an unstable hip.

19.    On April 2, 2015, JAMES MORENO's hip spontaneously came out of socket causing JAMES MORENO to sustain a severe fall resulting in significant personal injury requiring the need for additional medical intervention.

## COUNT I - Medical Negligence

20.    Plaintiffs adopt and re-allege the allegations contained in Paragraphs 1-19 above as if fully set forth herein.

21.    At all material times, Defendant, UNITED STATES, by and through its agents, designees, apparent agents, and employs, including but not limited to, James A. Haley Medical Center and John David Marquardt, M.D., owed a duty JAMES MORENO, to provide that level of care, skill and treatment which, in light of all relevant circumstances, is

4

recognized as acceptable and appropriate by similar and reasonably prudent healthcare providers.

22.     That duty of care was breached by the parties referenced in Paragraph 21 by, including, but not limited to:

    a.  Failing to appropriately provide the correct amount of anteversion in JAMES MORENO'S femur/hip joint;

    b.  Failing to utilize all appropriate components to ensure the appropriate hip stability during the procedure.

    c.  Failing to appropriately perform the proper range of motion testing upon completing the procedure, but prior to waking up Mr. Moreno, to determine whether or not there existed any instability;

23.     As a direct and proximate result of the foregoing, JAMES MORENO suffered a spontaneous hip dislocation several days later, and without any intervening cause, causing him to sustain a severe fall resulting in significant personal injury and the need for additional medical intervention.

24.     As a direct and proximate result of Defendant, UNITED STATES, by and through the parties listed above and in paragraph 21, negligence, JAMES MORENO, suffered injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, and loss of ability to earn money in the future. These losses are permanent or continuing, and plaintiff will suffer these losses in the future.

WHEREFORE, JAMES MORENO, does hereby pray that judgment be entered in his favor and against Defendant in the amount of $2,500,000.00 including costs of suit and attorney's fees if they become applicable together with such further and additional relief at law or in equity that this Court deem proper.

### COUNT II – LOSS OF CONSORTIUM – JILL MORENO

25.     Plaintiffs adopt and re-allege the allegations contained in Paragraphs 1-24 above as if fully set forth herein.

26.     At all material times, Plaintiff, JILL MORENO, was the lawful wife of Plaintiff, JAMES MORENO.

27.     As a direct and proximate result of Defendant, UNITED STATES, negligence by and through the parties listed in paragraph 21, JILL MORENO has in the past, and will continue in the future, to lose the care, comfort, companionship, and consortium of her spouse, JAMES MORENO.

WHEREFORE, JILL MORENO, does hereby pray that judgment be entered in her favor and against Defendant in the amount of $200,000.00 including costs of suit and attorney's fees if they become applicable together with such further and additional relief at law or in equity that this Court deem proper.

Respectfully submitted this 21st day of December, 2017 by the undersigned,

THE PALMER LAW FIRM, P.A.

_____

Joseph K. Lopez, Jr. (trial counsel)
Florida Bar No.: 106080
Martin W. Palmer, Esquire

6

Florida Bar No.: 0150347
The Palmer Law Firm, P.A.
17543 Darby Lane
Lutz, FL 33558
Phone: (813) 506-5651
Fax:    (813) 506-5654
E-mail: service@palmerinjurylaw.com
            jklopez@palmerinjurylaw.com

7